IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANAGRAM INTERNATIONAL, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A HERETO,<br><br>  Defendants. | Case No.: 1:25-cv-07617<br><br>District Judge Matthew F. Kennelly<br><br>Magistrate Judge Maria Valdez |

**MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff Anagram International, LLC ("Anagram" or "Plaintiff") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

**I. INTRODUCTION**

Defendants, without consent, have profited from marketing, distributing and/or selling products bearing unauthorized copies of Plaintiff's ANAGRAM trademarks (the "Asserted Trademarks") (the "Infringing Products"). To address Defendant's infringement, Plaintiff filed a motion for a temporary restraining order ("TRO"), which the Court entered and subsequently extended. *See* Dkt. 17; Dkt. 24.

Plaintiff respectfully requests that the Court convert the Temporary Restraining Order ("TRO") entered in Plaintiff's favor to a preliminary injunction against the Defendants remaining in this case, so they remain enjoined from their unlawful actions during the pendency of this litigation.

II.    **STATEMENT OF FACTS**

Plaintiff initiated this case pursuant to the Copyright Act. On July 16, 2025, this Court entered a TRO against the Defendants identified in Schedule A, which temporarily froze Defendant's online accounts and enjoined their infringing activities. Dkt. 17.

On July 17, 2025, Plaintiff posted the bond required by the TRO. Dkt. 20. On July 23, 2025, Plaintiff moved to extend the TRO by 14 days, which the Court granted. Dkt. 24. On July 24 2025, Plaintiff effectuated service of process on Defendants pursuant to Fed. R. Civ. P. 4(f)(3) through electronic means as provided in the TRO. See Dkt. 17; Dkt. 23.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against the Defendants, so that they remain enjoined from infringement during the pendency of this litigation. As part of the requested preliminary injunction, Plaintiff requests that Defendants' financial accounts remain frozen until completion of these proceedings.

III.    **ARGUMENT**

    A.    **A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate**

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Levi Strauss & Co. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 20-cv-00189, D.I. 39 (unpublished order converting TRO to PI).

        1.    **This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied**

A party seeking to obtain a TRO or preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that

it will suffer irreparable harm if the injunction is not granted. *Stuller, Inc. v. Steak N Shake Enters.*, 695 F.3d 676, 678 (7th Cir. 2012). Plaintiff's TRO filings introduced evidence to establish these elements, and the Court granted the TRO finding these elements are present. *See e.g.*, Dkt. 20, 26.

### 2. The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark ...." 15 U.S.C. § 1116(a); *See e.g.*, *Promatek Indus., LTD v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002) ("the district court was correct in finding that Promatek lacked an adequate remedy at law").

### 3. The Asset Restraining Order Remains Appropriate

Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants' accounts remain frozen. Pursuant to the TRO, the platforms have frozen Defendants' third-party accounts and provided information to Plaintiff with information regarding these accounts, which are linked to the Defendants' offering for sale and/or selling Infringing Products. In the absence of a preliminary injunction preserving the status quo, Defendants may attempt to move assets from frozen accounts, including to offshore accounts. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

As established in Plaintiff's TRO Memorandum, many federal courts, including the Northern District of Illinois, have granted orders preventing the transfer of assets to avoid judgment. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005); *Levi Strauss & Co.*, *supra*, at ¶ 5 (unpublished order entering PI and asset restraint). As such, an order continuing to freeze the Defendants' assets should be granted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court enter the proposed Preliminary Injunction.

DATED: July 28, 2025							Respectfully submitted,


							*/s/ Matthew A. Werber*
							Matthew A. Werber (Ill. # 6287658)
							mwerber@nixonpeabody.com
							Peter Krusiewicz (Ill. # 6342444)
							pkrusiewicz@nixonpeabody.com
							**NIXON PEABODY LLP**
							70 W. Madison St., Suite 5200
							Chicago, IL 60602
							Tel: (312) 977-4400
							Fax: (312) 977-4405

							***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system on July 28, 2025.

*/s/ Matthew A. Werber*
Matthew A. Werber